UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
RICHMOND, VIRGINIA

| | | |
|---|---|---|
| WEST VIRGINIA CWP FUND, | ) | FOURTH CIR NO: 14-2157 |
| as carrier for | ) | |
| PEN COAL CORPORATION, | ) | |
| Petitioner | ) | |
| v. | ) | |
| KENNETH GREGORY, | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| DIRECTOR, OFFICE OF | ) | |
| WORKERS'   COMMPENSATION | ) | |
| PROGRAMS, UNITED STATES | ) | |
| DEPARTMENT OF LABOR | ) | |
| Statutory Respondent, | ) | |

_____

**MOTION FOR ATTORNEY FEE**
_____

Comes Hon. James D. Holliday, Claimant's counsel, pursuant to 20 C.F.R. §725.366 and hereby moves the Court to award an attorney's fee in the amount of $7275.00  for services rendered in connection with the above-styled claim.

(a)    NATURE, SCOPE, AND QUALITY OF THE ATTORNEY'S SERVICES

The nature of the attorney's services was defined by the client, Kenneth Gregory. It was his desire to present the best possible evidence and secure an award for federal black lung benefits.

(b) <u>NECESSARY WORK DONE</u>

All work performed by counsel was necessary to achieve successful results. Intense preparation is required to properly present a case and counsel is in the habit of preparing his cases properly. Counsel would note that he began expending time and money on this case beginning on December 18, 2009.

Listed below is a detailed statement of services rendered on behalf of Mr. Gregory:

| | | |
|---|---|---|
| 10.30.14 | Receipt and review (R&R) of the Employer's Petition for Review; Follow up letter to claimant | .50 |
| 10.30.14 | R&R of Docketing Notice- Petition for Review; noted all Deadlines and federal rules of procedure (counsel was Unfamiliar with the fourth circuit rules and spent Excessive time in research) | 2.00 |
| 11.07.14 | R&R of docketing statement | .25 |
| 11.10.14 | Preparation of filing Attorney Admission with the Fourth Circuit Court. R&R of entry of appearance from Petitioner | .75 |
| 11.11.14 | Preparation of entry of appearance and receipt of Pet. Disclosure | .25 |
| 11.20.14 | R&R of Request for Disclosure of corporate affiliations | .25 |
| 12.01.14 | R&R of letter from Petitioner's attorney with a list of Added exhibits. Review of exhibits. Phone call to attorney Re: claimant has no additional exhibits and no objection | 1.25 |
| 12.03.14 | Preparation of Disclosure of Corp. Affiliations filed electronically And notification of receipt of same | .50 |
| 12.03.14 | R&R of Petitioner's Motion to Seal Complete Versions of the Fund's Opening Brief and the Joint Appendix        and Disclosure Form  and Request for Response | .50 |
| 12.04.14 | R&R of Motion for time, appearance of counsel, | .25 |
| 12.06.14 | R&R of Petitioner's Motion for Ext. of Time to file brief And phone call re: no objection and receipt of entry of Appearance on behalf of the solicitor and Order sustaining Motion for time | .50 |
| 12.08.14 | R&R of the certified case record | .25 |
| 12.09.14 | Research regarding sealing documents and preparation of | |

|            |                                                                                                 |       |
|------------|-------------------------------------------------------------------------------------------------|-------|
|            | Response                                                                                        | .75   |
| 12.12.14   | Preparation of motion for time and order                                                        | .25   |
| 12.15.14   | R&R of Full Appendix; sealed appendix; sealed brief; Sealed appendix, etc.     Confidentiality. | 1.00  |
| 12.16.14   | R&R of  Order re: Apx. Released to public                                                        | .25   |
| 12.18.14   | R&R of a complete sealed version of the Opening Brief and Public redacted Brief and Sealed Jt. Apx. | 2.00  |
| 12.19.14   | Redacted and Sealed Brief file stamped, Apdx. File stamped And order granting confidentiality   | .25   |
| 01.06.15   | Preparation of Motion for Extension of time to file Response brief      and receipt of order sustaining | .50   |
| 02.10.15   | Preparation of the respondent's complete sealed Version of the response brief and public redacted brief | 8.00  |
| 02.18.15   | R&R of Director's Motion for leave to file a separate brief And order granting separate briefs and Brief For the Federal Respondent | 1.25  |
| 02.20.15   | R&R of Docket Correction Notice; preparation of Respondent's Cert. of Service and Cert. of Confidentiality | .75   |
| 03.02.15   | R&R of Motion for Time to file Reply Brief and Order And phone call – no objection              | .25   |
| 03.17.15   | R&R of Order granting time to file reply brief   .25                                             |       |
| 03.25.15   | R&R of Motion for Two Extra Days to File Reply Brief                                             | .25   |
| 03.31.15   | R&R of Reply Brief                                                                              | .50   |
| 06.30.15   | R&R of Rule 34 Notice re: oral argument discussed                                               | .25   |
| 08.11.15   | R&R of Order denying Petition for Review; follow up With claimant                               | .50   |

TOTAL TIME EXPENDED          24.25

## (c) <u>LEVEL AT WHICH REPRESENTATIVE ENTERED PROCEEDINGS</u>-

Counsel entered his appearance at the District Director level.    On December 27, 2010, the District Director issued an Initial Determination finding that Mr. Gregory qualified for benefits .  The Employer appealed by requesting a formal

hearing and the claimant was placed in interim pay by the Black Lung Trust Fund.

The claim was assigned to Honorable Joseph E. Kane and a formal hearing was held on the 29th day of November, 2010. Judge Peter Silvain attended the hearing in lieu of Judge Kane. By request, briefs were ordered to be filed by February 14, 2012.

On April 30, 2013, Judge Silvain issued a Decision and Order Awarding Benefits. Subsequent to this order, the Employer filed an appeal with the Benefits Review Board and an Order was issued on April 25, 2014 affirming the award. Consequently, the Employer filed a petition for review with the United States Court of Appeals for the Fourth Circuit. On August 11, 2015, the Court issued an Order denying the petition for review.

Counsel now files his fee for services performed before the Court.

(d)    LEVEL OF SKILL AND COMPETENCE REQUIRED OF THE ATTORNEY IN RENDERING THE SERVICES

Claimant's attorney, James D. Holliday, is licensed by the Commonwealth of Kentucky and has been so licensed since 1977. Counsel is a member of the Perry County Bar Association (past President 1989-93), a member of the Kentucky Bar Association (House of Delegates, six year term), and a member of the American Bar Association. Counsel has been admitted to practice before the Sixth Circuit Court of Appeals and has argued cases therein.

(e)  <u>EXPERIENCE AND SKILL LEVEL OF THE ATTORNEY</u>-  This attorney has been practicing law thirty five+ years.  The vast majority of his practice has been in the areas of Workers' Compensation, Social Security Disability, Personal Injury and Federal Black Lung.  Counsel has practiced these cases on a daily basis and has kept himself abreast of the law therein.  Counsel subscribes to Westlaw and has access to the <u>Benefits Review Board Service</u> as well as the <u>Black Lung Desk Book</u> through the internet.  In addition, Counsel has access to the Sixth Circuit cases.  Counsel has appeared before Administrative Law Judges hundreds of times and has tried hundreds of these cases to a conclusion.  Counsel has appealed cases to the Benefits Review Board and to the Sixth Circuit Court of Appeals.  Counsel has also appeared before the Sixth Circuit Court for oral argument on more than one occasion.

(f)  <u>RESULTS ACHIEVED</u>  The case has been successful at the Administrative Law Judge level and affirmed by the Board and the Court.  The claimant received past due benefits from December 2009 and has been receiving monthly interim benefits since January 2011.  The Claimant will receive these federal benefits for the remainder of his lifetime along with medical treatment for his lungs.

(g)  <u>CUSTOMARY BILLING RATE AND LEVEL OF PROCEEDINGS</u>-

Counsel states that his fees are contingent upon winning and the only hourly fees are federal black lung claims.  Counsel's Social Security fee is capped at $6000.00.  This represents a $700.00 raise effective June 2009.  The number of hours customarily involved in such a case renders the effective hourly rate of $300.00 to 400.00 per hour.  Workers' Compensation fees now range from a maximum of $5,000.00 with a cap of $12,000.00 and produce an effective hourly rate of $300.00 to $500.00 per hour.  Personal Injury cases can produce a much higher hourly rate.

Counsel states that his customary billing rate for federal cases practiced at this level is $300.00 per hour and has been since 2009.  This hourly rate has been approved multiple times before the Offices of the Administrative Law Judges, the Benefits Review Board and the Sixth Circuit Court of Appeals.

Counsel states that $300.00 per hour is justified in this case based on counsel's lengthy experience and prior orders awarding fees.  See *B&G Mining, Inc. v Director, OWCP (Bentley),* 522 F.3d 657, Case No. 06-0304 BLA (6th Cir. April 16, 2008).

(h)  <u>EXPENSES</u>-  Counsel states that he has no expenses at this level.   All copy charges, phone bills, and postage have been incorporated into the hourly rate.

(i) <u>COMPLEXITY OF ISSUES</u>- In a Part 718 claim, the issues of pneumoconiosis, causal relationship, and total disability due to pneumoconiosis are at stake.  The merits of the case are, in and of themselves, complex and require skill and understanding to properly litigate these issues.          Counsel must be aware of the medical literature and have obtained copies of the various medical journal articles.  In addition, counsel must know the law of the Sixth Circuit to prevail in a particular case.    Counsel must also keep himself abreast of any changes in the federal regulations.

Counsel states that every case requires special ability and knowledge of the law and if they are not properly litigated, they will not be approved.

(j) <u>OTHER FEES</u> -  Counsel states that he has not received any fees for services rendered to the claimant in any claim for pneumoconiosis benefits before any state or federal agency.  Counsel does have fees pending and/or approved in the instant case but not paid.

WHEREFORE, counsel prays that the Court approve the motion for attorney fee in the amount of $7275.00.

<u>/s/ James D. Holliday</u>
 JAMES D. HOLLIDAY
 Attorney for Kenneth Gregory
 Post Office Box 29
 Hazard, Kentucky  41702-0029

CERTIFICATE OF SERVICE:

This undersigned hereby certifies that a copy of Respondent's Certificate of Service was served upon the following by electronic filing and mailed by hard copy this 1st day of September, 2015.

Kenneth Gregory
1643 Damron Branch
Grayson, KY 41143

Jeffrey R. Soukup
Jackson Kelly, Attorneys at Law
150 Clay Street, Suite 500
P.O. Box 619
Morgantown, West Virginia 26507

Gary K. Stearman, Esq.
U.S. Department of Labor
Office of the Solicitor
200 Constitution Ave., N.W., Ste. N-2117
Washington, DC 20210

ORIGINAL MAILED TO:

Patricia S. Connor
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. U.S. Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

This the 1st day of September, 2015.


 _/s/ James D. Holliday
JAMES D. HOLLIDAY